CLEVELAND ELECTRIC RY. CO. v. CITY OF CLEVELAND et al.

(Circuit Court, N. D. Ohio, E. D. January 30, 1905.)

No. 6,726.

CONSTITUTIONAL LAW — IMPAIRMENT OF OBLIGATION OF CONTRACT — STREET RAILWAY FRANCHISES.

By a city ordinance duly passed under legislative authority, two separate railroad companies, theretofore operating independent lines, were authorized to consolidate, subject to the conditions therein imposed, which required the consolidated company to run through cars, and to carry passengers between any two points on the consolidated lines for a single fare. The franchise of one of the constituent companies expired by its terms in 1904, and that of the other in 1908. By a subsequent ordinance the consolidated company was authorized to use electric power on all of its lines, and by others to build and operate various extensions in connection with its main line; such extension ordinances severally providing that "the right herein granted shall terminate with the present grant of the main line, to wit, on the 10th day of February, 1908." All of such ordinances were required to be, and were, accepted by the company and complied with. *Held*, that they created contracts which bound the company to operate all of its lines as a unitary system until February, 1908, and conferred upon it the corresponding right to do so, and that an ordinance passed in 1904 granting a renewal of the franchise of the constituent company, which expired in that year, to a new company, to the exclusion of the consolidated company, was unconstitutional and void, as impairing the obligation of such contracts.

In Equity.

Squire, Sanders & Dempsey, for complainant.

Newton D. Baker, City Sol., and Garfield, Howe & Westenhaver, for defendants.

WING, District Judge. This cause comes on for hearing, on the motion of the complainant for a decree as prayed for in the bill of complaint, upon the pleadings herein. The pleadings consist of the bill and answer; the replication heretofore filed herein having been withdrawn, by leave of court, upon proper showing.

The general nature of the bill is to the effect that the complainant is a corporation owning and operating various lines of street railway in the city of Cleveland and vicinity; that the defendant the city of Cleveland is a municipal corporation organized under the laws of Ohio, and, acting under delegated power from the Legislature of the state of Ohio, has, by legislative enactment, made sundry contracts with the complainant and its predecessors in interest, under which the complainant is operating its lines of railway in the city of Cleveland; that the defendant the Forest City Railway Company is a corporation organized under the laws of Ohio for the purpose of constructing, maintaining, and operating lines of street railway in the city of Cleveland; that the controversy is one arising under the Constitution of the United States, in this: that the complainant seeks relief against the defendants in the bill by reason of an attempt on the part of the defendants to enforce against the complainant a law of the state of Ohio impairing the contract rights of the complainant, in contravention of and in violation of the Constitution of the United States, and especially contrary to and in

violation of section 10, art. 1, thereof; and that the controversy involves an amount in excess of $5,000. The bill further shows that the complainant is a consolidated company, organized in the year 1893, and was formed by the consolidation of certain street railway companies which prior to the consolidation owned and operated street railways in the city of Cleveland under ordinances duly passed by the municipality and accepted by said companies. The names of the constituent companies are given in the bill at large, and are the East Cleveland Railroad Company, the Broadway & Newburgh Street Railroad Company, the Brooklyn Street Railroad Company, and the South Side Street Railroad Company. The bill avers that the complainant is the owner, by purchase, of all and singular the lines of railway, rights, and franchises of the Cleveland City Railway Company; that the Cleveland City Railway Company was a consolidated company formed by the consolidation of the Woodland Avenue & West Side Street Railroad Company and the Cleveland City Cable Railway Company, each of which was a corporation organized under the laws of the state of Ohio for the purpose of operating lines of street railway in the city of Cleveland, and at the time of such consolidation the Woodland Avenue & West Side Street Railroad Company was operating lines of railway described generally as the Woodland avenue lines and the West Side lines, and the Cleveland City Cable Railway Company was operating lines from the Public Square out Superior and St. Clair streets to the easterly limits of the city; that the total mileage of single track operated by the complainant, as successor in interest of all of the constituent companies, is about 236 miles; that the contract between the complainant and the city of Cleveland, growing out of the various consolidations, with the obligations imposed by the various ordinances set forth in the bill, required it (the complainant) to operate the entire system, and, as a part thereof, to operate through cars over different portions of said lines, and to give transfers from one line to another, as defined in the ordinances of the city of Cleveland, and that such obligations were continuing obligations; that the Woodland Avenue & West Side Street Railroad Company was organized in 1885, and was a consolidated company, formed by the consolidation of the West Side Street Railroad Company and the Woodland Avenue Railway Company, and the said the Woodland Avenue Railway Company was the successor, by purchase, of the Kinsman Street Railroad Company, and all and singular its rights, property, and franchises, having become such about the year 1880; that by the terms of the consolidation, in 1885, of the West Side Street Railroad Company and the Woodland Avenue Railway Company, the Woodland Avenue & West Side Street Railroad Company became vested with all and singular the property rights, privileges, and franchises of said constituent companies, including the rights, privileges, and franchises theretofore owned by the Kinsman Street Railroad Company; that prior to the year 1885, when the Woodland Avenue & West Side Street Railroad Company was organized by the consolidation, the two constituent companies forming such consolidation were independent lines of street railroad, one operating lines chiefly upon the west side of the Cuyahoga river, and the other upon the east side of said river, and

135 F.—24

running to the southeasterly portion of the city, and each of them was acting under independent franchises. The bill further avers that, on February 1, 1885, there was duly passed an ordinance, a portion of which is in the words and figures following, to wit:

"An ordinance to fix the terms and conditions upon which the railway tracks of the West Side Street Railroad Company and the tracks of the Woodland Avenue Railway Company and said companies may be consolidated.

"Section 1. Be it ordained by the city council of the city of Cleveland, that the consent of the city is hereby given to the consolidation of the West Side Street Railroad Company and the Woodland Avenue Railway Company, upon the following conditions: The said consolidated company is to carry passengers through, without change of cars, by running of the cars through from the workhouse on the line of the Woodland Avenue Railway Company to the point on the West Side Railroad where Gordon avenue crosses Lorain street; and, when practicable in the judgment of the council, to do likewise on the branches of the consolidated lines; and that for a single fare from any point to any point on the lines and branches of the consolidated road no greater charge than five cents shall be collected, and that tickets at the rate of eleven for fifty cents or twenty-two for one dollar shall at all times be kept for sale on cars by conductors."

The bill further avers that the Woodland Avenue & West Side Street Railroad Company, thus formed, duly accepted the conditions and terms of said ordinance, and since that time has observed the same.

The answer of the city of Cleveland admits the allegations with respect to the corporate existence of the complainant and of the defendant, and admits the amount involved in the controversy; that the complainant is a consolidated company organized in the year 1893, and formed by the consolidation of certain constituent companies, which at the time, and prior to such consolidation, owned and operated street railways in the city of Cleveland, and that by the terms of such consolidation, and the force and effect thereof, as provided by the statute of Ohio, the complainant became and is possessed of all the rights, privileges, and franchises possessed by said constituent companies. The defendant also admits that the constituent companies, and the lines owned and operated by them, which were acquired by the complainant by virtue of such consolidation, are substantially as set forth in the bill; that the complainant is the owner, by purchase made some time on or about July 1, 1903, of all of the lines of railway, rights, privileges, and franchises then owned by the Cleveland City Railway Company, and that the Cleveland City Railway Company was a consolidated company formed by the consolidation of the Woodland Avenue & West Side Street Railroad Company and the Cleveland City Cable Railway Company; that the total mileage of single tracks operated by the complainant, as the successor in interest of all the various constituent companies, is about 236 miles. The defendant admits that the Woodland Avenue & West Side Street Railroad Company was organized in 1885; that it was formed by the consolidation of two companies, each of which had, prior to the date of such consolidation, owned, and was then operating, lines of street railway in the city of Cleveland; that the two constituent companies were known as the West Side Street Railroad Company and the Woodland Avenue Railway Company; that the Woodland Avenue Railway Company was the suc-

cessor, by purchase made some time about the year 1880, of the Kinsman Street Railroad Company, and all of its rights, property and franchises; and that by the terms of such consolidation the Woodland Avenue & West Side Street Railroad Company became vested with all the property rights, privileges, and franchises of each of said constituent companies, including the rights, privileges, and franchises formerly owned by the Kinsman Street Railroad Company. The defendant admits that on the 16th day of February, 1885, an ordinance was duly passed by the council of the city of Cleveland, consenting to the consolidation proposed to be made pursuant to the statute law of the state of Ohio of the West Side Street Railroad Company and the Woodland Avenue Railway Company, and that the title and first section thereof are correctly quoted and set forth in the bill of complaint, and avers that section 2 of said ordinance is as follows:

"Said consolidated company shall be subject to all the liabilities, conditions and penalties to which said several companies are liable, and said consolidated company and its tracks shall at all times be subject to the control, regulation and supervision of the said council to the same extent that the several companies and their tracks are now liable."

The defendant admits that prior to such consolidation the West Side Street Railroad Company was an independent line of street railroad, operating chiefly upon the west side of the Cuyahoga river, and that the Woodland Avenue Railway Company was an independent line operating on the east side of said river, and running to the southeasterly portion of said city, and that each of them was operating under independent franchises from this defendant or from the village of West Cleveland; that there was no interchange of traffic between the two companies, by way of transfer, and that passengers patronizing said roads and desiring to take a trip compelling them to use a part of each road were compelled to pay one fare to each company, irrespective of the distance they wished to travel; also that the West Side Street Railroad Company was at that time operating under a franchise which was granted on the 10th day of February, 1883, and was to continue for a period of 25 years from said date. The defendant admits that it was a part of the plan of the two constituent companies to run through cars from the easterly termination of the Woodland Avenue Company's lines at the workhouse, in the southeasterly portion of the city, to the westerly terminus of the West Side Company, on the west side of the river, a distance of seven or eight miles, and also, whenever it might become practicable, to institute other car service on the branch lines. The defendant admits that after the passage and legal publication of the ordinance the Woodland Avenue & West Side Street Railroad Company filed with the city its written acceptance of the terms thereof, and that the Woodland Avenue & West Side Street Railroad Company and the Cleveland City Railway Company, and the complainant as their successor, have carried passengers in accordance with the terms thereof, and have run through cars over the entire distance at the rate of fare therein fixed, and have sold and accepted tickets for such passage as therein provided. The defendant admits that in an ordinance passed April 8, 1887, at the request and upon the application of the

Woodland Avenue & West Side Street Railroad Company, authorizing and permitting additional track extension, there was contained the following language:

"And the right herein granted shall terminate with the present grant of the main line, to wit, on the 10th day of February, 1908."

The defendant further admits that on the 12th day of August, 1887, the council of the city of Cleveland passed another ordinance, whereby it granted permission to the Woodland Avenue & West Side Street Railroad Company to make an extension of its tracks in Franklin avenue, from Kentucky street to Waverly avenue, which was on the west side of the city, and that there is a provision in said ordinance as follows:

"The right hereby granted shall terminate with the present grant of the main line, to wit, on the 10th day of February, 1908."

The defendant admits that on the 22d day of March, 1888, the city council of Cleveland passed an ordinance authorizing the Woodland Avenue & West Side Street Railroad Company to use electricity in the operation of its street railroad, and that said ordinance is in the words and figures set forth in the bill of complaint, and that the said street railroad company accepted the same in writing; that, after its passage and acceptance, the said company expended a large sum of money in equipping its said railroad with electric power, but, as the exact amount of such expenditure is unknown to this defendant, it neither denies nor admits that the amount was so large as $700,000. From the bill, it appears that this ordinance was as follows:

"An ordinance granting the Woodland Avenue & West Side Street Railroad Company the right to use electricity in operating its street railroad.

"Section 1. Be it ordained by the city council of the city of Cleveland, that the Woodland Avenue & West Side Street Railroad Company is granted permission to operate its entire line of street railroad, as the same now exists, with any and all extensions that may hereafter be made thereto, by electricity as a motive power, using such electric plant in the public streets as shall be acceptable to the board of improvements, and, for such purpose, said company shall have the right to erect and maintain poles, wires, fixtures or conduits, and all other appliances or appurtenances that, in the opinion of said board, shall be found necessary to successfully operate its street railroad by electricity.

"Sec. 2. In the erection of poles and the placing of wires or conduits, and in the use of any and all other appliances or appurtenances that may be found necessary to operate its line by electricity, before the improvement shall be made upon any or all of its lines for the purpose of using electricity, a plan for the same, showing all poles, wires and other appliances or appurtenances that said company shall desire to use, shall be submitted to and approved by the board of improvements, said board having the right to fix the distance at which poles shall be apart, the height of all poles and wires, and the size and location of all conduits, and to regulate the places within the streets where any and all appliances or appurtenances shall be located, and to establish such regulations with reference to the public safety, protection, painting and sightliness of the poles and appurtenances, as the board of improvements shall determine.

"Sec. 3. The running of cars on any part of the lines of such company may be suspended by the board of improvements for such reasonable time as may at any time be necessary on account of the construction or repairs of streets or sewers or other public improvements, and whenever it may be necessary to have any track taken up for the purpose aforesaid, the same shall be taken

up and relaid at the expense of said railroad company whenever required by said board.

"Sec. 4. Said railroad company shall at all times hereafter defend, keep harmless and indemnify the city of Cleveland from any and all damages, lawful claims and demands for injuries to persons or property, costs and expenses to which said city may be subjected or made liable by any proceeding at law or in equity or otherwise growing out of the grant of the privileges in this ordinance granted, or out of the exercise and enjoyment of the same by said company.

"Sec. 5. Said company shall at all times conform to such rules and regulations as may from time to time be made by the council and approved by the board of improvements, as to the rate of speed it may run its cars, and while the cars of said company are in motion or about to start, warning shall be given by bell or otherwise, to notify persons of any immediate or approaching danger.

"Sec. 6. That the city reserves to itself the right to grant any other person or persons, company or corporation, a joint use for street railroad purposes of the tracks, poles, wires, electric currents and other appliances herein provided for upon such portion of said Woodland Avenue & West Side Street Railroad Company's lines from the intersection of Pearl and Lorain streets, northerly along Pearl street to the Superior Street Viaduct; thence along the Superior Street Viaduct to Water Street; thence along Superior street to Ontario street; thence along Ontario street to the southerly line of Factory street, as is free territory under existing grants, upon such terms and conditions as to occupation and compensation as the city council may deem just and reasonable in case such companies should fail to come to such agreement by and between themselves.

"Sec. 7. The grant herein made shall be in force from and after the date of the passage and legal publication of this ordinance and the written acceptance of the same by said company, and said company shall have the right to maintain and operate its present line and any and all extensions until the expiration of the present grant of said company, to wit, the 10th day of February, 1908.

"Sec. 8. Nothing contained in this ordinance shall in any wise release or relieve said company from compliance with all other ordinances relating to street railroads now in force or which may hereafter be adopted by the city council, including all amendments hereto and thereto.

"Sec. 9. Said railroad company shall in writing accept the permission and privileges hereby granted, and agrees to comply therewith.

"Sec. 10. This ordinance shall take effect and be in force from and after its passage and legal publication and the payment to the city auditor by said company of the expense of publication.

"Passed March 22, 1889."

The defendant admits that on the 20th day of June, 1892, the city council of Cleveland duly passed an ordinance, which was duly accepted by the Woodland Avenue & West Side Railroad Company, whereby said company was authorized to lay an additional track in Kinsman street from the intersection of Woodland and Willson avenues southeasterly along Kinsman street to the city limits, thereby making a double-track street railway through said district, and that in such ordinance there is a provision as follows:

"Provided that the right herein granted shall terminate with the present grant of the main line of said company, to wit, on the 10th day of February, 1908."

The defendant further admits that on the 1st day of August, 1892, the city council of Cleveland passed an ordinance which authorized the Woodland Avenue & West Side Street Railroad Company to make an extension of its tracks in Lorain street from Henley street westerly to

the city limits; that said ordinance was duly accepted by the grantee; and that it contained the provisions quoted in the bill, to wit:

"And this grant shall terminate and expire at the expiration of the present grant to the said company, to wit, February 10, 1908, and shall be subject to the provisions thereof."

The defendant admits that on the 22d day of August, 1892, the city council passed an ordinance authorizing the Woodland Avenue & West Side Street Railroad Company to construct and maintain a suitable line of feed wires on certain streets of the city, all of which were on what is known as the "West Side"; that the said company accepted said ordinance, as it was required to do therein; and that section 3 of said ordinance is as quoted in the complainant's bill, as follows:

"The permission herein granted shall expire with the main grant to said company on the 10th day of February, 1908, and shall at all times be subject to the provisions of the ordinance of the city passed March 22nd, 1889, entitled: 'An ordinance granting to the Woodland Avenue & West Side Street Railroad Company the right to use electricity in operating its street railroad' (Revised Ordinances, pp. 879 to 881); also subject to the provisions of chapters 28 and 72 of the Revised Ordinances of the city, and all amendments thereto and hereto which may hereafter be passed by the council."

The defendant admits that on the 17th day of July, 1893, the council of the city of Cleveland passed an ordinance authorizing the Cleveland City Railway Company to lay an additional track upon South Woodland avenue, between Southern avenue and Corwin avenue, and a double track on said South Woodland avenue from Corwin avenue to Woodland Hills avenue; that said ordinance was duly accepted by the grantee. The defendant admits that by section 5 of said ordinance the city had the right at any time to require the said Cleveland City Railway Company to operate its cars over the entire length of any of its lines or branches of said constituent companies in the same manner and between the same termini as the cars were operated prior to the consolidation of said constituent companies, under the name of the Cleveland City Railway Company. The defendant admits that on the 19th day of February, 1894, the council of the city of Cleveland passed an ordinance entitled "An ordinance granting permission to the Cleveland Electric Railway Company and the Cleveland City Railway Company to extend their tracks in Willson Avenue"; that said ordinance was duly accepted by said company; that the provisions of said ordinance as to the construction of said railway, the giving of transfers, and the paving and keeping in repair of streets, and the widening of the roadway of Willson avenue between Euclid avenue and Scovill avenue, and the provisions of section 10 for the expiration thereof, are correctly set forth in the bill of complaint; and that Willson avenue, and the lines of road constructed thereon, are intersected both by Kinsman street and Woodland avenue. By the bill it appears that in section 10 of said ordinance it is provided: "This grant shall be in force until the first day of July, 1914." The defendant admits that the complainant is the successor, by purchase, of all of the companies forming the consolidated company known as the Cleveland City Railway Company. The defendant admits that on the 11th day of January, 1904, the city council of Cleveland granted to the Forest City Railway Company the

renewal right to maintain and operate certain existing single and double tracks, by an ordinance, a copy of which is set forth in the bill. This ordinance is one which permits the Forest City Railway Company, the codefendant of the city, to operate a line of street railway throughout the territory designated, to the exclusion of the complainant. There is provision made for the payment to the complainant by the Forest City Railway Company of either an agreed valuation or a determined valuation. The enforcement of the ordinance, if the complainant's franchise is not terminated, will be a violation, by legislative enactment, of the rights of contract of the complainant. It is necessary, then, to determine whether, under the admission of the answer of the city of Cleveland, the rights of the complainant to occupy the streets as a street railway company have terminated.

It is urged by the complainant that a contract relation was entered into between the city of Cleveland and the Woodland Avenue & West Side Street Railroad Company by the ordinance passed February 1, 1885. It is conceded by the parties litigant that the original franchise was granted to the Kinsman Street Railroad Company in August, 1879, for the period of 25 years; that the franchise to the West Side Street Railroad Company extends from February, 1883, for a period of 25 years; that, if unchanged in any way, the right to operate street railways over the Kinsman street line terminated in August, 1904; and that the franchise of the West Side Street Railroad Company would not terminate until February, 1908. The ordinance of February 1, 1885, which provided for the consolidation of the Woodland Avenue Railway Company (the successor by purchase of the Kinsman Street Railroad Company, as before stated) and the West Side Street Railroad Company, has been held by the Supreme Court of the United States, in the case of Cleveland v. Cleveland City Railway Company, 194 U. S. 517, 24 Sup. Ct. 756, 48 L. Ed. 1102, to be a contract between the city of Cleveland and the railway company. On page 536, 194 U. S., page 763, 24 Sup. Ct. (48 L. Ed. 1102), it is said:

"In reason, the conclusion that the contracts were engendered would seem to result from the fact that the provisions as to rates of fare were fixed in ordinances for a stated time, and no reservation was made of a right to alter; that by those ordinances existing rights of the corporations were surrendered, benefits were conferred upon the public, and obligations were imposed upon the corporations to continue those benefits during the stipulated time. When, in addition, we consider the specific reference to limitations of time which the ordinances contained, and the fact that a written acceptance by the corporations of the ordinances was required, we can see no escape from the conclusion that the ordinances were intended to be agreements binding upon both parties, definitely fixing the rates of fare which might thereafter be charged. Taking all the circumstances as above referred to into account, the case before us clearly falls within the rule as to the binding character of agreements respecting rates."

Before the passage of the ordinance there were in existence two street railroad corporations, to wit, the Woodland Avenue Railway Company and the West Side Street Railroad Company, each having substantial rights which might be yielded, and which, under the name of the consolidated company, would enjoy the benefits of the joint use of such properties and rights. By the part of the ordinance quoted and admitted, it is shown that these two railroad companies and the

consolidated company agreed that over the lines of railway of the two companies mentioned there should be carried for one fare a passenger who before that time had been lawfully required to pay two fares for the same service. In the contemplation of the parties to this contract, did the time during which the mutual obligations therein assumed were to continue end in August, 1904, or in February, 1908? So far as the West Side Street Railroad Company was a party to the contract, it became obligated to carry passengers from Gordon avenue to the eastern terminus of the Woodland avenue line throughout the term of its franchise. The consolidated company assumed this obligation. It follows that there was necessarily granted to the consolidated company a right to do the thing which it had obligated itself to do.

The ordinance of April 8, 1887, admitted in the answer to have been passed, by which the Woodland Avenue & West Side Street Railroad Company extended its lines of railroad in Franklin avenue, which ordinance was accepted by the company, has the provision, "and the right herein granted shall terminate with the present grant of the main line, to wit, on the 10th day of February, 1908"; and the various other ordinances, of August 12, 1887, June 20, 1892, August 1, 1892, August 22, 1892, all containing substantially the same language, may be regarded also as contracts which in terms provide that the franchise shall not end until the date therein mentioned. If treated as recitals, merely, they are conclusive of the intention of the parties in the original contract of consolidation. These ordinances related not only to the line of railway formerly operated by the West Side Street Railroad Company, but also to the extensions of the line of railway operated before the consolidation by the Woodland Avenue Railway Company.

It is admitted by the answer that on the 22d day of March, 1889, the city council of the city of Cleveland passed an ordinance authorizing the Woodland Avenue & West Side Street Railroad Company to use electricity in the operation of its street railroad, in the words and figures set out in the bill, and hereinbefore fully quoted. By the first section of this ordinance it is provided that the Woodland Avenue & West Side Street Railroad Company is granted permission to operate its entire line of street railroad, as the same now exists, with any and all extensions that may hereafter be made thereto, by electricity as a motive power, using such electric plant in the public streets as shall be acceptable to the board of improvements, and for such purpose said company shall have the right to erect and maintain poles, wires, fixtures, and conduits, and all other appliances or appurtenances that, in the opinion of said board, shall be found necessary to successfully operate its street railroad by electricity. By the ninth section it is provided that said railroad company shall, in writing, accept the permission and privilege granted, and agree to comply therewith. By the seventh section it is provided that the grant "herein made" shall be in force from and after the date of the passage and legal publication of the ordinance, and the written acceptance of the same by said company, and said company shall have the right to maintain and operate its present line, and any and all extensions, until the expiration of the present grant of said company, to wit, on the 10th day of February, 1908.

This is a contract between the city of Cleveland and the Woodland

Avenue & West Side Street Railroad Company, which, in express language, fixes the termination of its then existing rights on the 10th day of February, 1908. Upon the faith of the contract, and in pursuance of its agreement, the consolidated company spent a large amount of money. The city of Cleveland, under the statutes of the state of Ohio regulating its authority, undoubtedly had the power to enter into this contract. By section 3443 of the Revised Statutes of Ohio it is provided:

"Council or the commissioners, as the case may be, shall have the power to fix the terms and conditions upon which such street railways may be constructed, operated, extended and consolidated."

After quoting this statute, the Supreme Court of the United States, in Cleveland v. Cleveland City Railway Company, hereinbefore referred to, says:

"The statutes show that there was lodged by the Legislatures of Ohio in the municipal council at Cleveland comprehensive power to contract with street railway companies with respect to the terms and conditions upon which such roads might be constructed, operated, or consolidated; the only limitation upon that power being that, in case of an extension or consolidation, no increase in the rate of fare should be allowed."

By section 2501 of the Ohio Statutes, which relates to the granting of franchises, it is provided that "the council may renew any such grant at its expiration upon such conditions as may be considered conducive to the public interest." By the decision of the Supreme Court of Ohio in State v. East Cleveland Railroad Company, 27 Wkly. Law Bul. 64, it was decided that the renewal of a grant could be made prior to the expiration of the original grant.

That all of the ordinances which have been referred to in this opinion were authorized contracts between the city of Cleveland and this street railway company, or some one of its predecessors in interest, has been decided by the Supreme Court of the United States in the cause referred to. This appears from the quotations from that decision hereinbefore made. In all of these ordinances or contracts it is expressly provided that the expiration of the right of the street railway company shall be on the 10th day of February, 1908. The performance of the obligations assumed by the railroad company by its acceptance of these ordinances required that the grant should be extended to that date. That the ordinance, the passage and threatened enforcement of which is complained of, is adapted to impair these contracts, is plain, since the enforcement of the ordinance would put into the possession of the Forest City Railway Company the tracks and lines mentioned in the ordinance, over which the complainant has been given a right to operate at least until the year 1908.

Because it is unnecessary, the court refrains from interpreting the effect upon the complainant of the ordinance of February 19, 1894, providing for the establishment of a cross-town line upon Willson avenue, to be operated in connection with the other systems of railway then in operation.

The other defendant, the Forest City Railway Company, depends for its rights upon the validity of the ordinance attacked in this suit. If the ordinance complained of impairs the obligation of a contract, it

is because it attempted to vest the Forest City Railway Company with the rights which by contract belong to the complainant.

For the above reasons, I conclude that the ordinance of January 11, 1904, was passed in violation of the Constitution of the United States, and is and was a nullity. Final decree may be drawn in accordance with this opinion.